CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
mark@potterhandy.com
Phyl Grace, Esq., SBN 171771
phylg@potterhandy.com
Dennis Price, Esq., SBN 279082
dennisp@potterhandy.com
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
Ph: (858) 375-7385
Fax: (888)422-5191

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ricardo Murillo**,<br><br>    Plaintiff,<br><br>  v.<br><br>**City of Baldwin Park** and Does 1-10, Inclusive,<br><br>    Defendants. | Case No.<br><br>**Complaint for Injunctive Relief and Damages** for Violation of:<br><br>1. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 *et seq.*;<br>2. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; and<br>3. California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.* |

Plaintiff Ricardo Murillo ("Plaintiff") complains of Defendants City of Baldwin Park and Does 1-10, Inclusive ("Defendants") and alleges as follows:

## INTRODUCTION

1. This case involves an aspect of life that many people take for granted – the ability to move freely about one's community using city sidewalks and pedestrian walkways. Plaintiff Ricardo Murillo ("Plaintiff"), an individual with physical disabilities who uses a wheelchair for mobility, brings this action because he has been denied such basic access by the City of Baldwin Park, thus subjecting him to discrimination on the basis of his disability, in violation of federal and state anti-discrimination statutes.

2. Without properly configured sidewalks and accessible pedestrian walkways, public travel for individuals who use wheelchairs is at best inconvenient, and at worst life-threatening. The lack of properly configured sidewalks and accessible walkways inhibit the ability of individuals who use wheelchairs to travel safely and effectively within their communities, and to and from their homes, schools and jobs. In short, the absence of accessible sidewalks and pedestrian walkways stands as a potential barrier between people who use wheelchairs and every aspect of their daily lives.

3. As a result of Defendants' failure to ensure the accessibility of its sidewalks and pedestrian walkways, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, denied full and equal access to Defendants' programs, services and activities.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him "full and equal" access to Defendants' public facilities as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing Plaintiff's civil rights.

Complaint

## PARTIES

5. Plaintiff Ricardo Murillo is, and at all times relevant herein was, a California resident with physical disabilities. Plaintiff has quadriplegia and requires a wheelchair for mobility. Plaintiff is, and at all times relevant herein was, a "qualified person with a disability" and a "physically disabled person" as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104), Section 504 (29 U.S.C. § 794) and California law (Cal. Gov. Code § 12926).

6. Defendant City of Baldwin Park ("City") is, and at all times relevant to herein was, a political subdivision of the State of California.

7. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

Complaint

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA and Section 504.

10. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Disabled Persons Act, which act expressly incorporates the ADA. Cal. Civ. Code § 54(c).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

12. At all times relevant herein, the City owned, controlled, maintained and exercised dominion over the public sidewalks, curbs and pedestrian walkways in and throughout the City of Baldwin Park.

13. On occasions including January 10, 2015 and May 2, 2015, Claimant attempted to use public sidewalks and curbs to travel from his home on the 3200 block of Cosbey Avenue in Baldwin Park to and from doctor's appointments, and to and from his relatives' home on the 4000 block of Durfee Avenue in the adjacent City of El Monte.

14. Specifically, Plaintiff travelled west on Ramona Boulevard between Syracuse Avenue and Durfee Avenue, using the public sidewalk. A portion of this area of sidewalk falls within the boundaries of the City of Baldwin Park – specifically, the sidewalk on Ramona Boulevard between the west side of the intersection of the San Gabriel River Trail and Ramona

Complaint

Boulevard and the intersection of Ramona Boulevard and Syracuse Avenue (hereinafter "the Route"). On the Route, Claimant personally encountered the following barriers that rendered the sidewalk inaccessible to and unusable by him:

    a. At the West end of the Route, on the south side of Ramona:

        i. The walkway is narrowed to 23 inches in width between the edge of a post and a 2-1/2 inch high drop-off to dirt;

        ii. there are changes of level exceeding ½ inch at the first driveway apron; and

        iii. there are cross slopes exceeding 2.08% at driveway aprons, and measuring 12.7% and 20.4%;

    b. The west curb ramp at the 605 South Freeway Entrance:

        i. The bottom landing does not have a clear space of 48 inches minimum located outside active traffic lanes of the roadway;

        ii. Counter slopes of adjoining gutters and road surfaces immediately adjacent to and within 24 inches of the curb ramp are steeper than 5.0%, measuring in excess of 9%; and

        iii. No detectable warning is provided;

    c. The east curb ramp at the 605 South Freeway Entrance:

        i. Has a running slope that exceeds 8.33%, measuring more than 10%; and

        ii. No detectable warning is provided;

Complaint

d. The pedestrian path of travel from the east curb ramp at the 605 South Freeway Entrance to the west curb ramp at the 605 North Freeway Exit includes eight gaps of up to 1-1/2 inches in width at expansion joints;

e. The west curb ramp at the 605 North Freeway Exit:
   i. Has a running slope that exceeds 8.33%, measuring up to 9.4%;
   ii. Has cross slopes exceeding 2.08%, measuring in excess of 4%; and
   iii. No detectable warning is provided;

f. The east curb ramp at the 605 North Freeway Exit:
   i. Has a running slope that exceeds 8.33%, measuring up to 12.5%;
   ii. The surface of the ramp and landings consist of loose dirt and debris;
   iii. The slope of the bottom landing exceeds 2.08&, measuring 4.9%;
   iv. The counter slopes of adjoining gutters and road surfaces immediately adjacent to and within 24 inches of the curb ramp are steeper than 5.0%, measuring 12%; and
   v. No detectable warnings are provided;

g. Path of travel from the east curb ramp at the 605 North Freeway Exit to the intersection of Ramona Boulevard and Syracuse Avenue:

Complaint

   i. The walkway is narrowed in multiple areas including a narrowing to 21 inches in width between the edge of a post and 3-1/2 inch high drop-off to dirt; a narrowing to 40 inches in width between a bike lane sign and the edge of concrete; a narrowing to 42 inches in width for a length of approximately 60 inches between a planter and a curb, in conjunction with a 1 inch high raised edge;

   ii. Cross slopes exceed 2.08% at driveway aprons, measuring 10.5% and 9.2%; and

   iii. Running slope exceeds 5%, measuring 11.2% and 14.2% at two localized areas of patching.

  h. On the north side of Ramona:

   i. Is completely unusable, consisting largely of areas with no sidewalk, where wheelchair users would have to navigate unstable surfaces consisting of loose dirt and grass;

   ii. at the 605 North Freeway Entrance, curb ramps are not connected to an accessible path of travel; large pieces of cobblestone create a dangerous and unstable condition for wheelchair users; and

   iii. at the 605 South Freeway Exit, curb ramps are not connected to an accessible path of travel, surrounded unstable surfaces consisting of loose dirt, grass and gravel.

Complaint

15. As the direct and proximate result of the barriers along the Route, Plaintiff was forced to travel in the City streets alongside vehicular traffic to get to his destination. This, in turn, caused Plaintiff to experience difficulty, fear, anxiety, physical distress, inconvenience, embarrassment and frustration.

16. There are no accessible routes between the 3200 block of Cosbey Avenue in Baldwin Park and the 4000 block of Durfee Avenue in El Monte due to a distribution of inaccessible elements among route options, the disposition of which affects all primary and alternate routes of reasonable relative distance, requiring users, regardless of the route chosen, to negotiate a succession of barriers to accessibility for persons with mobility disabilities.

17. Ramona Boulevard is a major thoroughfare in Baldwin Park.

18. On information and belief, as of the date of the filing of this Complaint, the above-mentioned inaccessible conditions still exist.

19. On information and belief, the streets, sidewalks and curbs along the Route have undergone construction and/or alterations since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

20. On information and belief, the streets, sidewalks and curbs along the Route have undergone construction and/or alterations since January 26, 1992 triggering applicability of ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D. Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

Complaint

21. On information and belief, there are other access barriers and discriminatory policies that prevented Plaintiff from enjoying full and equal access to the Route, causing him damages. The extent of these additional barriers will be confirmed and clarified after a noticed inspection of Defendants' facilities, and if necessary, reflected in an amendment of Plaintiff's Complaint.

22. Plaintiff plans to use the Route in the future, to, among other things, visit his relatives. Ramona Boulevard is the most convenient and direct public route between Plaintiff's home and his relatives' home. Attempting to travel using alternative streets would take Plaintiff miles out of his way.

23. Until the barriers on the Route are removed, and Defendants' discriminatory policies and practices regarding the construction of and/or failure to remove barriers along sidewalks where necessary to achieve program access and comply with the new construction and alteration requirements of federal and state law are modified, Plaintiff will continue to be denied full and equal access to the Intersection, and will suffer ongoing discrimination by being excluded and deterred from returning there.

24. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

Complaint

**GOVERNMENT CLAIM FILED**

*(With regard to claims for damages under California State Law)*

25. Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the City on May 20, 2016. That claim was denied as a matter of law.

**FIRST CAUSE OF ACTION**
**Title II of the Americans with Disabilities Act**
**42 U.S.C. § 12131 *et seq*.**

26. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

27. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

28. At all times relevant to this action, Defendants were a "public entity" within the meaning of Title II of the ADA, and the public sidewalks and curbs in the City of Baldwin Park are a program, service and/or activity they offer to the general public.

29. Plaintiff is, and at all times relevant herein was, a qualified individual with a disability within the meaning of Title II of the ADA, and as a member of the public meets the essential eligibility requirements for the use of the public sidewalks and curbs in the City of Baldwin Park.

30. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the sidewalks and curbs they offer to the public, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, inter alia:

Complaint

a. Failing to operate its sidewalks and curbs so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

b. Failing to design, construct and/or alter the sidewalks and curbs in a manner such that they are readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

c. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

d. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

e. Providing Plaintiff with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others (28 C.F.R. § 35.130(b)(1)(iii));

f. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public (28 C.F.R. § 35.130(b)(1)(vii));

11

Complaint

  g. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and

  h. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

31. Defendants' duties under Title II are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

32. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Section 504 of the Rehabilitation Act of 1973
### 29 U.S.C. § 794

33. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

34. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). See also 28 C.F.R. Part 42, Subpart G.

35. Defendants are recipients of "federal financial assistance" in the form of federal grants and loans.

Complaint

36. Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to members of the public, in violation of Section 504 and its implementing regulations.

37. Defendants' duties under Section 504 are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

38. Pursuant to 29 U.S.C. § 794a, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**California Disabled Persons Act**
**California Civil Code § 54 et seq.**
**(*Statutory damages and attorneys' fees only*)**

39. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

40. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the ... sidewalks, walkways, ... public facilities, and other public places." Cal. Civ. Code § 54(a).

41. A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54(c).

42. Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA. Among other things, Defendants failed to ensure that facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24.

Complaint

43. Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA, as set forth in Plaintiff's First Cause of Action.

44. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference.

45. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA, or any of the other laws cited herein.*

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and Section 504 ordering Defendants to:
   a. Alter the sidewalks and, as necessary, curbs along the Route to bring them into compliance with applicable federal and state accessibility standards and make them fully and equally available to individuals with mobility disabilities;
   b. Modify their policies to ensure the City of Baldwin Park complies with applicable new construction and alteration standards and its program accessibility obligations.

   *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court deems just and proper.

Dated: July 15, 2016            CENTER FOR DISABILITY ACCESS

By: _____
Mark D. Potter
Attorneys for Plaintiff

Complaint